**Charles Holmes, Jr.**
NAME

**AL-0671**
PRISON IDENTIFICATION/BOOKING NO.

**CSP-SAC,)C3-109;P.O. BOX-90066;**
ADDRESS OR PLACE OF CONFINEMENT

**REPRESA, CA. 95671**

Note:   It is your responsibility to notify the Clerk of Court in writing of any change of address. If represented by an attorney, provide his name, address, telephone and facsimile numbers, and e-mail address.



FILED
CLERK, U.S. DISTRICT COURT

JAN 1 4 2016

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

*Fee Due*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**Charles , Holmes, Jr.,**
FULL NAME (*Include name under which you were convicted* )

Petitioner,

v.

**Jeff Macomber,(Warden(A)),et al.,**
NAME OF WARDEN, SUPERINTENDENT, JAILOR OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER

Respondent.

LODGED
CLERK, U.S. DISTRICT COURT

JAN 1 3 2016

CENTRAL DISTRICT OF CALIFORNIA
by ___ DEPUTY

CASE NUMBER:

CV  **CV 16 - 00311 MWF(KS)**
To be supplied by the Clerk of the United States District Court

☐ _____ AMENDED

### PETITION FOR WRIT OF HABEAS CORPUS
### BY A PERSON IN STATE CUSTODY
28 U.S.C. § 2254

PLACE/COUNTY OF CONVICTION **Los Angeles County**
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(*List by case number* )
CV _____
CV _____

### INSTRUCTIONS - PLEASE READ CAREFULLY

To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2.   In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge the judgment entered by a different California state court, you must file a separate petition.

3.   Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4.   Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5.   You must include in this petition _all_ the grounds for relief from the conviction and/or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

6.   You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

7.   When you have completed the form, send the original and two copies to the following address:

   Clerk of the United States District Court for the Central District of California
   United States Courthouse
   ATTN: Intake/Docket Section
   312 North Spring Street
   Los Angeles, California 90012

PLEASE COMPLETE THE FOLLOWING: (*Check appropriate number*)

This petition concerns:
1. ☒ a conviction and/or sentence.
2. ☐ prison discipline.
3. ☐ a parole problem.
4. ☐ other.

PETITION

1. Venue
   a. Place of detention  **California State Prison-Sacramento,(CSP-SAC)**
   b. Place of conviction and sentence  **Superior Court of California,Los Angeles County**

2. Conviction on which the petition is based (*a separate petition must be filed for each conviction being attacked*).
   a. Nature of offenses involved (*include all counts*) : **First Degree Murder, plus Gun & Gang enhancements**

   b. Penal or other code section or sections: **Penal Code,§§ 187; 136.1(a)(1);186.22(b)(1)(C); 12022.53(d);and, 667(b)-(i)**

   c. Case number: **TA-115993**
   d. Date of conviction: **05-06-2011**
   e. Date of sentence: **02-29-2012**
   f. Length of sentence on each count: **75 years to life as to count 1,(murder);25 years to life as to count 2,(wit. intimidation);and 25 years to life for gun enhancement.**
   g. Plea (*check one*):
      ☒ Not guilty
      ☐ Guilty
      ☐ Nolo contendere
   h. Kind of trial (*check one*):
      ☒ Jury
      ☐ Judge only

3. Did you appeal to the California Court of Appeal from the judgment of conviction?  ☒ Yes  ☐ No
   If so, give the following information for your appeal (*and attach a copy of the Court of Appeal decision if available*):
   a. Case number: **B239704**
   b. Grounds raised (*list each*):
      (1) **IAC-(failure to interview alibi witness, and to investigate)**
      (2) **Failure to instruct on heat of passion**

(3) **Refusal to exclude identification**

(4) **Insufficient evidence to support first degree murder**

(5) **Prejudicial cumulative errors**

(6) _____

c.  Date of decision: **05-24-2013**

d.  Result **Denied**

_____

4. If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision?   ☒ Yes   ☐ No

If so give the following information *(and attach copies of the Petition for Review and the Supreme Court ruling if available)*:

a.  Case number: **Unknown at this time**

b.  Grounds raised *(list each)*:

(1) **SAME AS ABOVE**

(2) _____

(3) _____

(4) _____

(5) _____

(6) _____

c.  Date of decision: **08-28-2013**

d.  Result **Denied**

_____

5. If you did not appeal:

a.  State your reasons **N/A**

_____

_____

_____

_____

b.  Did you seek permission to file a late appeal?   ☐ Yes   ☒ No

6. Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?

☒ Yes   ☐ No

If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a.  (1) Name of court: **Superior Court of California-County of Los Angeles**

(2) Case number: **TA115993**

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: **11-24-2014(Court's Date)**

(4) Grounds raised (list each):

    (a)   Due Process Violation-Use of Non-qualifying Prior Felony As Strike

    (b)   Reconsideration Of Prior Ruling On Evidence Not Before Court

    (c)   Due Process-Failure To Instruct On Heat of Passion Negates Malice

    (d)   Insufficient Evidence To Support Gang Enhancement

    (e)   Due Process/Fair Trial-Prejudicial Gang Evidence Used But Not Probative

    (f)

(5) Date of decision:   **12-23-2014**

(6) Result      **Denied**

(7) Was an evidentiary hearing held?    ☐ Yes   ☒ No

b.   (1) Name of court:   **California Court of Appeals-Second Appellate District**

    (2) Case number:   **B263838**

    (3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing):

    (4) Grounds raised (list each):

        (a)   SAME AS SUPERIOR COURT/ABOVE STATED

        (b)

        (c)

        (d)

        (e)

        (f)

    (5) Date of decision:   **07-06-2015**

    (6) Result      **Denied**

    (7) Was an evidentiary hearing held?    ☐ Yes   ☒ No

c.   (1) Name of court:   **SUPREME COURT OF CALIFORNIA**

    (2) Case number:   **S228737**

    (3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing):

    (4) Grounds raised (list each):

        (a)   Same as Superior Ct. & Appellate Ct./Same as above mentioned

        (b)

        (c)

        (d)

        (e)

        (f)

(5) Date of decision: **11-24-2015**

(6) Result     **Denied**

(7) Was an evidentiary hearing held?     ☐ Yes ☒ No

7. Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes     ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):     **N/A**

(2) Result:     **N/A**

(3) Date of result (if you know):     **N/A**

(4) Citation to the case (if you know):     **N/A**

8. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the <u>facts</u> supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

CAUTION:     *Exhaustion Requirement:*  In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court.  This means that, prior to seeking relief from the federal court, you first must present <u>all</u> of your grounds to the California Supreme Court.

a. Ground one: <u>INSTRUCTIONAL ERROR DEPRIVED PETITIONER OF FIFTH, SIXTH, AND</u>
<u>FOURTEENTH AMENDMENTS RIGHTS</u>

(1) Supporting FACTS: <u>Court refused to give heat of passion instruction in viola-</u>
<u>tion of petitioner's right under the 5th, 6th, and 14th Amendments rights</u>
<u>to lesser included instructions, even over defense's objections, and ref-</u>
<u>usal lessened prosecution's burden of proof.</u>

(2) Did you raise this claim on direct appeal to the California Court of Appeal?     ☒ Yes  ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?     ☒ Yes  ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?     ☐ Yes  ☒ No

b. Ground two: <u>INEFFECTIVE ASSISTANCE OF COUNSEL, FAILURE TO INVESTIGATE ALIBI</u>
<u>WITNESSES AND OTHER RELEVANT EVIDENCE</u>

(1) Supporting FACTS: <u>Petitioner was at a gang intervention meeting at time of</u>
<u>shooting, yet counsel failed to interview anyone at meeting.</u>

Counsel also failed to pursue relevant discovery which was missing.

(2) Did you raise this claim on direct appeal to the California Court of Appeal?  ☒ Yes   ☐ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?  ☒ Yes   ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?  ☐ Yes   ☒ No

c.  Ground three:  **FOURTEENTH AMENDMENT VIOLATION-ADMITTING EVIDENCE DERIVED FROM SUGGESTIVE IDENTIFICATION PROCEDURES**

(1) Supporting FACTS:  Identifications were made from a single DMV photo, and not a 6-pack or line-up. One's identification was proved false, as petitioner was shown to be in custody when witness stated saw petitioner, and second witness statements were false.

(2) Did you raise this claim on direct appeal to the California Court of Appeal?  ☒ Yes   ☐ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?  ☒ Yes   ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?  ☐ Yes   ☒ No

d.  Ground four:  **INSUFFICIENT EVIDENCE TO SUPPORT FIRST DEGREE MURDER CONVICTION**

(1) Supporting FACTS:  Use of single photo, absence of any witness to the shooting, absence of evidence to prove petitioner was shooter, and error in ID testimony of driver of crashed vehicle, didn't match petitioner's description; and proof of heat of passion ignored, resulted in first degree murder conviction when at most, 2nd degree, or less.

(2) Did you raise this claim on direct appeal to the California Court of Appeal?  ☒ Yes   ☐ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?  ☒ Yes   ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?  ☐ Yes   ☒ No

e.  Ground five:  **PREJUDICIAL CUMULATIVE ERRORS DENIED PETITIONER OF FAIR TRIAL AND CONSTITUTED A MISCARRIAGE OF JUSTICE**

(1) Supporting FACTS:  Appellate Court ruled court committed instructional error, and possibly admitted unduly suggestive identifications, along with failure to investigate alibi witnesses; these errors combined to create cumulative prejudicial errors.

(2) Did you raise this claim on direct appeal to the California Court of Appeal?  ☒ Yes   ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?  ☒Yes  ☐No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?  ☐Yes  ☒No

9. If any of the grounds listed in paragraph 7 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: **ALL CLAIMS PRESENTED HEREIN WERE PRESENTED TO THE CALIFORNIA SUPREME COURT.**

10. Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?

☐Yes  ☒No

If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available):*

a. (1) Name of court: _____ **N/A** _____

(2) Case number: _____ " _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing):* ____ **N/A** ____

(4) Grounds raised *(list each)*:

(a) _____ **N/A** _____

(b) _____ " _____

(c) _____ " _____

(d) _____ " _____

(e) _____ " _____

(f) _____ " _____

(5) Date of decision: _____ **N/A** _____

(6) Result _____ " _____

(7) Was an evidentiary hearing held?  ☐Yes ☒No

b. (1) Name of court: _____ **N/A** _____

(2) Case number: _____ " _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing):* ____ **N/A** ____

(4) Grounds raised *(list each)*:

(a) _____ **N/A** _____

(b) _____ " _____

(c) _____ " _____

(d) _____ " _____

(e) _____ " _____

(f) _____ " _____

(5) Date of decision: _____ **N/A** _____

ADDITIONAL CLAIMS

CLAIM 6: DUE PROCESS VIOLATION FOR COURT'S USE OF PRIOR FELONY CONVICTION WHICH

DID NOT QUALIFY AS A "STRIKE" DUE TO NO PERSONAL USE PROVED :

Petitioner had a prior conviction for a violation of Penal Code, § 246.3, from a prior plea bargain, which petitioner had accepted under the aider and abetter liability, and not for personal use of a firearm. To qualify as a strike under § 246.3, there had to be personal use. Petitioner did not have personal use, and therefore the prior was not eligible for the use to enhance petitioner's sentence.

(Raised in habeas petition).

CLAIM 7: PETITITONER SUPPLIED EVIDENCE WHICH REFUTED THE PREVIOUS RULING OF THE

APPELLATE COURT AND THE DECISION MUST BE OVERTURNED :

Appellate Court denied petitioner's I.A.C. claim stating there was no proof a video existed, showing the driver of the Yukon; petitioner, on habeas, presented the court with proof of such a video,(a copy showing the actual disc from the camera), along with a statement from a hamburger stand, stating that, police DETECTIVES WERE GIVEN A COPY OF THE DISC.

(Raised in habeas petition)

CLAIM 8: DUE PROCESS VIOLATED BY COURT'S FAILURE TO INSTRUCT JURY ON HEAT OF PASSION

TO NEGATE MALICE AFORETHOUGHT AND APPELLATE COURT'S REFUSAL TO CONSIDER ISS

UE ON FEDERAL GROUNDS AND INSTEAD RELIED ONLY ON STATE LAW:

Trial court failed to instruct the jury on heat of passion for voluntary manslaughter and the potential effect of provocation to negate malice aforethought.  Evidence was submitted showing not only an argument, but also a threat towards the petitioner,(person that petitioner is being accused of being), as well as racial slurs; all of which could combine to arouse feelings required for such as instruction to be required by law.

(Raised in habeas petition)

///cH

(8)

ADDITIONAL CLAIMS CONTINUED

CLAIM 9:   DUE PROCESS VIOLATED BY CONVICTION FOR GANG ENHANCEMENT WHERE INSUFFICIENT

EVIDENCE EXISTS TO SUPPORT CHARGE:

Petitioner was found guilty of a gang enhancement based soley on expert testimony, to hypothetical which are materially distinguishable from circumstances of petitioner's case. The expert was asked if someone, who was a gang member, was asked to bring an informant to be dealt with and did not do so, what would happen (Reporter's Transcript,(RT),1524). However, the expert, after saying the person would be treated the same as the informant, stated no youngster without status would tell someone to do something like that.(RT, 1525). The expert stated that he did not know petitioner, know of him, or that petitioner even existed prior to the crime.(RT,1544)

And the expert went on to say that, if he did not know someone, then that person did not have status in a gang.(RT, 1533).

The expert also testified he possessed no specific knowledge of any East Coast Crips being told on, or of an individual refusing to turn over an informant, being killed for such an act, and that it was extremely rare for someone to be shot for protecting a snitch.(RT,1545-54). This testimony negates the foundation for the gang enhancement.

Such testimony is insufficient as it was the only evidence provided by the prosecution, and had no factual support. And the crime was committed by a single individual. So there is no support for the gang enhancement. Also, no specific intent can be proved by expert testimony.

(Raised in habeas petition)

CLAIM 10:   DUE PROCESS VIOLATED BY INTRODUCTION OF GANG EVIDENCE WHICH WAS HIGHLY

PREJUDICIAL BUT NOT PROBATIVE:

Prosecutors alleged one person asked a second person, to produce a third person, who allegedly told on the first person. There is nothing gang related about this scenario. The only evidence of gangs was the expert's testimony, that it

///ch

(9)

## ADDITIONAL CLAIMS CONTINUED

was a gang related crime, after he previously testified he'd never heard of it or anything like it happening; and stated that he never heard of petitioner, so petitioner did not have the juice to request such acts be performed.

No evidence other than expert's say so that, the crime was gang related, was presented to the jury to support the allegation.

(Raised in habeas petition)

///ch

(6) Result _____ **N/A** _____

_____

(7) Was an evidentiary hearing held?      ☐ Yes  ☒ No

11. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect to this judgment of conviction?      ☐ Yes  ☒ No

If so, give the following information *(and attach a copy of the petition if available)*:

(1) Name of court: _____ **N/A** _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____ **N/A** _____

(4) Grounds raised *(list each)*:

(a) _____ **N/A** _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

12. Are you presently represented by counsel?      ☐ Yes  ☒ No

If so, provide name, address and telephone number: _____ **N/A** _____

_____

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding,

X _*Charles Holmes, Jr.*_  **(In Pro Se)**
*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on  **12-30-'15**      X _*Charles Holmes, Jr.*_
*Date*                              *Signature of Petitioner*

# PROOF OF SERVICE

(C.C.P. §§1013(a); 2015.5; 28 U.S.C. §1746)

I, ___**Charles Holmes, Jr.**___, am over the age of eighteen (18) years, and I (am) (am not) a party to the within cause of action.  My address is:

> **Charles Holmes, Jr.,AL-0671,**
> **CSP-SAC,C3-109,**
> **P.O. BOX-90066,**
> **REPRESA‖ CA. 95671**

On, ___**12-30-'15**___, I served the following documents:

> **PETITION FOR WRIT OF HABEAS CORPUS**

on the below named individual(s) by depositing true and correct copies thereof in the United State mail in Represa, California, with postage fully prepaid thereon, addressed as follows:

> 1.**U.S. DISTRICT COURT-Central Dist.**2.
> **Attn:Clerk of the Court,**
> **Intake/Docket Section**
> **312 North Spring Street,**
> **Los Angeles, Ca. 90012**

I have read the above statements and declare under the penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this ___8th___ day of ___January___, ___2016___, at California State Prison - Sacramento, Represa, California.

(Signature) ⨉ *Charles Holmes, Jr.*

# EXHIBIT COVER PAGE

> *1*
> EXHIBIT

Description of this Exhibit: PETITION FOR REVIEW

Number of pages to this Exhibit: 24 pages.

JURISDICTION: (Check only one)

- [ ] Municipal Court
- [ ] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [x] United States District Court
- [ ] State Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury

2d Crim. No. B239704

# In the
# Supreme Court of the State of California

THE PEOPLE OF THE STATE OF CALIFORNIA,

     Plaintiff and Respondent,

vs.

CHARLES HOLMES, JR.,

     Defendant and Appellant.

----

## PETITION FOR REVIEW

After Decision by the Court of Appeal
Second Appellate District, Division Three
Superior Court  No. TA115993

----

CHARLOTTE  E. COSTAN
SBN 115570
P.O. Box 3083
Burbank, California 91508
Phone:  (818) 842-8932

Attorney for Defendant and Appellant,
By Appointment of the Court of Appeal

# TOPICAL INDEX

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | iii |
| PETITION | 1 |
| ISSUES PRESENTED | 2 |
| REASONS WHY REVIEW IS NECESSARY | 2 |
| STATEMENT | 3 |
| FACTS AND TRIAL COURT PROCEEDINGS | 4 |
| COURT OF APPEAL OPINION | 5 |
| FACTUAL AND LEGAL BASES FOR APPELLANT'S CLAIMS | 6 |

I.  THE TRIAL COURT'S INSTRUCTIONAL ERROR DEPRIVED APPELLANT OF CONSTITUTIONAL RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS ... 6

II.  TRIAL COUNSEL RENDERED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE BY FAILING TO INVESTIGATE ALIBI WITNESSES AND OTHER RELEVANT EVIDENCE ... 11

III.  THE TRIAL COURT DEPRIVED APPELLANT OF HIS FOURTEENTH AMENDMENT RIGHT TO A FAIR TRIAL AND DUE PROCESS BY ADMITTING EVIDENCE DERIVED FROM SUGGESTIVE IDENTIFICATION PROCEDURES ... 13

IV.  DUE PROCESS REQUIRES THAT THE JUDGMENT BE REVERSED FOR INSUFFICIENCY OF THE EVIDENCE OR THAT THE MURDER CONVICTION BE REDUCED IN DEGREE ... 15

i

V.   APPELLANT ASKS THIS COURT TO REVERSE
     THE JUDGMENT BECAUSE CUMULATIVE
     PREJUDICE GENERATED BY SERIOUS ERRORS
     DEPRIVED APPELLANT OF A FAIR TRIAL AND
     CONSTITUTED A MISCARRIAGE OF JUSTICE          17

CONCLUSION                                          18

CERTIFICATE OF WORD COUNT                           19

EXHIBIT A: OPINION OF THE COURT OF APPEAL

# TABLE OF AUTHORITIES

**Cases:**                                                    **Page**

Chapman v. California (1967) 386 U.S. 18                      7, 10, 14

In re Edward S.  (2009) 173 Cal.App.4th 387                  12

In re Hill (2011) 198 Cal.App.4th 1008                       12

In re Marquez (1992) 1 Cal.4th 584                           12

In re Williams (1969) 1 Cal.3d 168                           12

Jackson v. Virginia (1979) 443 U.S. 307                      15, 16

Neil v. Biggers (1972) 409 U.S. 188                          13

O'Sullivan v Boerckel (1999) 526 U.S. 838                    3

People v. Alexander (2010) 49 Cal.4th 846                    8

People v. Breverman (1998) 19 Cal.4th 142                    9

People v. Flannel (1979) 25 Cal.3d 668                       8

People v. Hill (1998) 17 Cal.4th 800                         17

People v. Jackson (2009) 45 Cal.4th 662                      8

People v. Lasko (2000) 23 Cal.4th 101                        7

People v. Lee (1987) 43 Cal.3d 666                           7

People v. Lucas (1995) 12 Cal.4th 415                        9

People v. Marsden (1970) 2 Cal.3d 118                        11

People v. Raley (1992) 2 Cal.4th 870                          16

People v. Pearson (2013) 56 Cal.4th 393                       8

People v. Welch (1999) 20 Cal.4th 701                         9

Strickland v. Washington (1984) 466 U.S. 668                 12

**Constitutions, Statutes, Rules of Court:**

U.S. Const.                                              *passim*

Cal. Rules of Court, rule 8.360                              18

Cal. Rules of Court, rule 8.500                              3

**Other Authorities:**

LaFave & Scott, Substantive Criminal Law (1986)              7

No. B239704

# In the
# Supreme Court of the State of California

PEOPLE OF THE STATE OF CALIFORNIA,
     Plaintiff and Respondent,

v.

CHARLES HOLMES, JR.,
     Defendant and Appellant.

---

**TO THE HONORABLE CHIEF JUSTICE AND TO THE HONORABLE ASSOCIATE JUSTICES OF THE SUPREME COURT OF THE STATE OF CALIFORNIA:**

     Defendant and appellant, Charles Holmes, Jr., hereby petitions this Court for review and reversal of the unpublished decision of the Court of Appeal, Second Appellate District, Division Three, in Case No. B239704, filed May 24, 2013.   The reviewing court affirmed the judgment of conviction and sentence of 125 years to life.  A copy of the opinion of the Court of Appeal is attached to this Petition as Exhibit A.

1

effective assistance of counsel and due process of law . (Cal. Rules of Court, rule 8.500.)

## STATEMENT

The following issues present no grounds for review under rule 8.500 of the Rules of Court, and the arguments presented are to exhaust state remedies for federal habeas corpus purposes. (*O'Sullivan v. Boerckel* (1999) 526 U.S. 838.)

3.    Whether the trial court erred and deprived appellant of his Fourteenth Amendment right to due process by admitting identification evidence based on an unduly suggestive show-up consisting of a single photograph of appellant who the authorities believed to be the suspect.

4.    Whether Fourteenth Amendment due process requires that the judgment of conviction be reversed or reduced in degree for want of sufficient credible evidence of willful, deliberate, and premeditated murder.

5.    Whether the judgment should be reversed because cumulative prejudice generated by multiple errors in a close case deprived appellant of his Fourteenth Amendment right to a fair trial and due process.

## FACTS AND TRIAL COURT PROCEEDINGS

The facts and trial court proceedings are summarized in the Court of Appeal's opinion at pages 2-11.  In brief, this was a gang case in which Johnny Ray Thomas was shot and killed in the early morning hours of February 25, 2010,  The prosecutor theorized that the target victim was a snitch, Demond Vaughn, and when decedent Thomas refused to deliver Vaughn to appellant for gang vengeance, a heated argument ensued and appellant shot Thomas. (10RT 3609.) Appellant's defense was that he was not the shooter, and not the driver of the vehicle that sped away from the scene of the homicide.   Rather, he was at a gang intervention meeting.  However, trial counsel neither investigated appellant's alibi nor called his alibi witnesses.  (See 11RT 5707, 5709.)

The jury convicted appellant of first degree murder as charged in count 1, dissuading a witness as charged in count 2, and found true all the special allegations. (2CT 448-451, 453-455; 10RT 3902-3094.) The court found true the allegation that appellant suffered two prior strikes within the meaning of the three strikes law.  (2CT 522; 11RT 5720.) The court sentenced appellant under the three strikes law to an aggregate term of 125 years to life.  (Opn., p. 2.)

4

## COURT OF APPEAL OPINION

1.   The trial court did not err in rejecting the request of the *prosecutor* for voluntary manslaughter instructions based on a sudden quarrel or heat of passion and trial counsel did not render ineffective assistance by objecting to the instruction.  (Opn., pp. 11-14.)

2.   Defense counsel did not render ineffective assistance by failing to call appellant's probation officer, or failing to investigate potential exculpatory witnesses or evidence, or failing to locate, investigate and call alibi witnesses.[1]  (Opn., pp. 14-18.)

3.   The single-photo showup was not suggestive.  (Opn., pp. 18-20.

4.   There was sufficient evidence that appellant committed first degree murder.  (Opn., pp. 20.)

5.   No cumulative prejudicial error occurred.  (Opn., pp. 20, fn. 10.)

---

[1]By separate order, the reviewing court denied appellant's petition for habeas corpus which was consolidated with this appeal.  (Opn., p. 2, fn. 1.)

5

## FACTUAL AND LEGAL BASES FOR APPELLANT'S CLAIMS

### I.

### THE TRIAL COURT'S INSTRUCTIONAL ERROR DEPRIVED APPELLANT OF CONSTITUTIONAL RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS

At first, at the prosecutor's request based on evidence of a heated argument right before the shooting, the trial court agreed to give CALCRIM No. 570 on manslaughter as a lesser included offense to murder. (9RT 3312.) Appellant and his attorney objected. (9RT 3314.) The court then reversed its ruling because it did not think that evidence of the heated argument met the required heat of passion element, there was no direct evidence of the defendant's state of mind (in that appellant did not testify), and the defense objected to the instruction. (10RT 3603, 3607.) Again the prosecutor renewed his request because jurors could reasonably infer the requisite state of mind from the evidence. (10RT 3604.) The trial court refused to give the instruction.

The Court of Appeal found no error because (1) defense counsel objected to the instruction, (2) provocation was "purely verbal" (3) there was no direct evidence that appellant's judgment was *actually* obscured or that he acted with the requisite state of mind, (4) defense counsel did not render ineffective assistance in objecting to the instruction, and (5) the jury rendered a murder verdict on evidence that supported a conviction for premeditated murder. (Opn., pp. 11-14.)

Appellant respectfully disagrees because a criminal defendant has a constitutional right under the Fifth, Sixth, and Fourteenth Amendments to instructions on lesser included offenses when, as here, they are supported by substantial evidence. (*Chapman v. California* (1967) 386 U.S. 18, 24; *People v. Lee* (1987) 43 Cal.3d 666, 676.) In addition, as appellant shows below, the reviewing court's analysis and holding is at odds with decisional law.

First, a trial court must instruct on a lesser included offense where the evidence supports it over the objection of the defendant. (*People v. Barton* (1995) 12 Cal.4th 186, 194.)

Second, manslaughter is a lesser included offense to murder. (*Ibid.*) Its primary element is provocation sufficient to arouse a strong passion. A person who kills as a result of provocation, that is, "upon a sudden quarrel *or* heat of passion," lacks malice and is not guilty of murder, but of the lesser offense of voluntary manslaughter. (*People v. Lasko* (2000) 23 Cal.4th 101, 108-109.) Contrary to the Court of Appeal's position that purely verbal provocation is insufficient as a matter of law, provocation can arise from words alone. (2 LaFave & Scott, Substantive Criminal Law (1986) §7.10, subd. (b), pp. 256-262.)

Third, there need not be direct evidence of the actor's state of mind.   As the prosecutor correctly noted, the jury may infer the defendant's state of mind from the evidence.   Indeed, prosecutors routinely rely on state-of-mind inferences based on the evidence when the accused does not testify. (*People v. Alexander* (2010) 49 Cal.4th 846, 907.) So do juries. (*People v. Pearson* (2013) 56 Cal.4th 393, 451 [" defendant's state of mind at the time of the offense . . . within the jury's exclusive province"].)

Here, testimony revealed that victim Thomas and the shooter were engaged in a heated argument.   Thomas raised his voice and taunted the shooter in an agitated, angry, baiting voice: "Nigga Slim, if you feel like that, then take off." (6RT 1934:11-12; 6RT 1953.) Thomas said, "I'll fuck you up with a slap." He added, "I ain't scared," and a taunting, "Well, shoot me then." Gunshots followed. (6RT 1611-1612, 1616, 1620, 1935.) There was ample evidence of provocation. Any doubts the trial court had should have been resolved in favor of appellant. (*People v. Flannel* (1979) 25 Cal.3d 668, 685.)

Fourth, trial counsel is supposed to be the captain of the ship. (*People v. Jackson* (2009) 45 Cal.4th 662, 668, quoting *People v. Welch*

8

(1999) 20 Cal.4th 701, 728-729.) But counsel may not argue against his client. (*People v. Lucas* (1995) 12 Cal.4th 415, 446.) Yet that is exactly what counsel did when he objected to manslaughter instructions.

Finally, the reviewing court relied on the fact that the jury convicted appellant of first degree murder and concluded that there was overwhelming evidence to support that verdict. Therefore, even if the trial court erred, reversal was not required. (Opn., p. 13.) But, there was also ample evidence of manslaughter. What defense counsel did was force the jury to make an all-or-nothing decision, which no jury should be forced to do. (*People v. Breverman* (1998) 19 Cal.4th 142, 155.)

The absence of manslaughter instructions effectively reduced the prosecution's burden of proving that appellant did not act in the heat of passion following Thomas' fighting words. The instruction would have given the jury an option between murder and manslaughter – and particularly so inasmuch as the prosecutor quoted Thomas's provocative words during closing argument. (10RT 3655, 3657, 3674, 3675.) Further, manslaughter instructions would have generated reasonable doubt as to whether the murder was in fact first degree premeditated murder.

9

Instructional errors violate the due process clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution when they effectively reduce the prosecution's burden of proof necessary to find a defendant guilty.  In such circumstances, reversal is required unless the prosecution demonstrates that the error was harmless beyond a reasonable doubt.  (*Chapman v. California, supra*, 386 U.S. at p. 24.)

Appellant asks this Court to grant review, hold that the instructional error was irreparably prejudicial, and thereupon reverse the judgment of conviction.

## II.

## TRIAL COUNSEL RENDERED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE BY FAILING TO INVESTIGATE ALIBI WITNESSES AND OTHER RELEVANT EVIDENCE

The prosecutor theorized that appellant drove the Yukon from the scene of the shooting and thus was the perpetrator.  Appellant's defense was he had alibi witnesses to prove he was at a gang intervention meeting when the shooting went down, he was not driving the Yukon at the time of the shooting, and thus could not have been the perpetrator.  However, trial counsel did not talk to those alibi witnesses.  (See 11RT 5704, 5706, 5709.)  Further, counsel did not pursue missing discovery relevant to the defense.  (11RT 4210-4216.)

On appeal, appellant contended that the deficiencies of his trial attorney deprived him of a fair trial under the Fifth, Sixth, and Fourteenth Amendments. The Court of Appeal found no error, primarily because appellant made his claims through unsworn statements during a *Marsden* hearing and thus they were unsupported and unsupportable. (Opn., pp. 14-18; *People v. Marsden* (1970) 2 Cal.3d 118.)  Notably, however, the reviewing court accepted the prosecutor's unsworn words as truth.  (Opn., p. 16.)

11

Appellant disagrees. Trial counsel has a duty to investigate carefully all defenses of fact and law that may be available to his client. (*In re Williams* (1969) 1 Cal.3d 168, 175.) "California case law makes clear that counsel has an *obligation to investigate all possible defenses* and should not select a defense strategy without first carrying out an adequate investigation." (*In re Hill* (2011) 198 Cal.App.4th 1008, 1017, quoting *In re Edward S.* (2009) 173 Cal.App.4th 387, 407, emphasis in *Hill*.) Trial counsel's decision not to find out what evidence is out there cannot be supported as a valid tactical choice. (*In re Marquez* (1992) 1 Cal.4th 584, 606.)

Counsel in the instant case made no effort to complete discovery or contact alibi witnesses and never so much as claimed that he did. Because he did nothing, appellant faces a conundrum: Because counsel did not ferret out facts, appellant cannot prove those facts exist. Appellant asks this Court to grant review, refuse to put its imprimatur on such shoddy defense work, hold that counsel rendered constitutionally deficient assistance to appellant's detriment under the Sixth and Fourteenth Amendments, and thereupon reverse the judgment of conviction. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 694.)

## III.

## THE TRIAL COURT DEPRIVED APPELLANT OF HIS FOURTEENTH AMENDMENT RIGHT TO A FAIR TRIAL AND DUE PROCESS BY ADMITTING EVIDENCE DERIVED FROM SUGGESTIVE IDENTIFICATION PROCEDURES

On appeal, appellant claimed that the trial court erred prejudicially by overruling his objection to identifications made where the police showed two witnesses only a single DMV photo as opposed to a sixpack because the out-of-court identifications based on a single photograph were unduly suggestive. (4RT 1001.)   Admission of the one-photo identifications and in-court identifications resulting from that process, deprived appellant of due process because the procedure used was so unduly suggestive as to give rise to a substantial likelihood of mistaken identification. (*Neil v. Biggers* (1972) 409 U.S. 188, 196-98.)

The Court of Appeal disagreed, holding that even if the one-photo identification procedure was unduly suggestive, the pretrial identifications by two witnesses and their in-court identifications were reliable under the circumstances. (Opn., pp. 17-20.)

13

Again, appellant disagrees.  First of all, the record plainly reveals that, although snitch Vaughn identified appellant as the same "Slim" about whom he gave information in 2003, he was forced to concede that was impossible because appellant was in federal custody in 2003. (5RT 1403, 1408.) Even the lead investigator admitted that the basis for Vaughn's identification of appellant was false.  (9RT 3023.)

Second, it is not true that witness Spraggins knew appellant from the past.  It is equally untrue that she "spent a good deal of time" with appellant on the night of the shooting.  She paid little heed to appellant, concentrating instead on her laptop computer.  (6RT 1853, 1885.)

Denial of appellant's motion to exclude the eyewitness identifications derived from a single photo violated his federal and state constitutional rights.  The People did not, and cannot, establish beyond a reasonable doubt that the error was harmless.  Therefore, the judgment of conviction should be reversed.  (*Chapman v. California, supra,* 386 U.S. at p. 24.)  Appellant asks this Court to do so.

14

## IV.

## DUE PROCESS REQUIRES THAT THE JUDGMENT BE REVERSED FOR INSUFFICIENCY OF THE EVIDENCE OR THE MURDER CONVICTION BE REDUCED IN DEGREE

On appeal, appellant contended that due process requires either reversal or a reduction on count 1 to second degree murder or voluntary manslaughter because there is insufficient credible evidence to establish beyond a reasonable doubt that appellant was the shooter or, if the jury disagreed, that he killed with deliberation and premeditation. (*Jackson v. Virginia* (1979) 443 U.S. 307, 318-319.)

The reviewing court pretty much dismissed the claim out of hand, stating that there was overwhelming evidence that appellant murdered Thomas and did so in a "willful, deliberate, and premeditated gang-related shooting." (Opn, p. 20.)

The prejudicial use of a single photo line up, the absence of any witnesses to the shooting, or any other direct evidence to prove that appellant was the shooter, resulted in a conviction based on speculation and surmise. Speculation is not enough to affirm a conviction and send

15

the accused to prison for 125 years.  (*People v. Raley* (1992) 2 Cal.4th 870, 891.)

The conviction of a criminal defendant on the basis of evidence that is legally insufficient to sustain the verdict beyond a reasonable doubt violates the due process principles embodied in the Fourteenth Amendment.  (*Jackson v. Virginia, supra*, 443 U.S. at p. 319.)  The judgment should be reversed or reduced in degree.  Appellant asks this Court to do one or the other.

## V.

## APPELLANT ASKS THIS COURT TO REVERSE THE JUDGMENT BECAUSE CUMULATIVE PREJUDICE GENERATED BY SERIOUS ERRORS DEPRIVED APPELLANT OF A FAIR TRIAL AND CONSTITUTED A MISCARRIAGE OF JUSTICE

In his Court of Appeal, appellant explained in detail why the case was close, and how prejudice from multiple prejudicial errors deprived him of his Fourteenth Amendment right to a fair trial and due process. (*People v. Hill* (1998) 17 Cal.4th 800, 844.)

The reviewing court dismissed appellant's claim in a one-sentence footnote. (Opn., p. 20, fn. 10.)

However, in light of the Court's tacit admission that the trial court committed instructional error, and may have admitted unduly suggestive identifications, albeit deeming both non-prejudicial errors, in combination with trial counsel's serious dereliction of duty, this was a close case where the combination of prejudicial errors deprived appellant of Fourteenth Amendment due process. Once more, appellant seeks this Court's review and reversal of the judgment.

17

# CONCLUSION

For all of the reasons given herein, and in the briefs submitted to the Court of Appeal, appellant Holmes asks this Court to grant review and thereupon reverse the judgment of conviction or reduce the degree of conviction to second degree murder or manslaughter.

June 10, 2013

Respectfully submitted,

CHARLOTTE E. COSTAN

By _Charlotte E. Costan_

Charlotte E. Costan
Attorney for Defendant and Appellant,
By Appointment of the Court of Appeal

18

**CERTIFICATE OF WORD COUNT**

(Cal. Rules of Court, rule 8.360)

The text of this petition consists of 2814 words as counted by the Corel Word Perfect Version X5 word-processing program used to generate this brief.

June 10, 2013

*Charlotte E. Costan*

Charlotte E. Costan
Appellate Counsel

19

# EXHIBIT COVER PAGE

| 2 |
|---|

EXHIBIT

Description of this Exhibit: SUPERIOR COURT DENIAL OF HABEAS CORPUS PETITION

Number of pages to this Exhibit: ____4____ pages.

JURISDICTION: (Check only one)

| | |
|---|---|
| ☐ | Municipal Court |
| ☐ | Superior Court |
| ☒ | Appellate Court |
| ☐ | State Supreme Court |
| ☑ | United States District Court |
| ☐ | State Circuit Court |
| ☐ | United States Supreme Court |
| ☐ | Grand Jury |

107

rejected on appeal and Petitioner has failed to allege facts establishing an exception to the rule barring habeas consideration of claims that were been raised on appeal. *In re Reno* (2012) 55 Cal. 4th 428, 478-79; *In re Harris*, (1993) 5 Cal.4th 813, 825-26 (1993); *In re Waltreus*, (1965) 62 Cal. 2nd 218, 225.

As to ground 2 (the claim of ineffective assistance of trial counsel), the petition presents claims raised and rejected in a prior habeas petition and Petitioner has not alleged facts establishing an exception to the rule barring reconsideration of claims previously rejected. Such successive claims constitute an abuse of the writ of habeas corpus. *In re Reno* (2012) 55 Cal. 4th 428, 455; *In re Martinez* (2009) 46 cal. 4th 945, 956; *In re Clark*, (1993) 5 Cal.4th 750, 767-68; *In re Miller* (1941) 17 Cal. 2nd 734, 735.

Additionally, as to ground 2, (the claim of ineffective assistance of trial counsel), Petitioner has failed to show that but for counsel's allegedly deficient performance, there is a reasonable probability that a more favorable outcome would have resulted. It is not enough to speculate about possible prejudice to be accorded relief. Petitioner has failed to show that the prejudicial effect of counsel's errors was a "demonstrable reality." *In re Cox* (2003) 30 Cal. 4th 974, 1016; *In re Clark* (1993 5 Cal. 4th 750, 766; *Strickland v. Washington* (1984) 466 U. S. 668, 697.

Order Summarily Denying Petition for Writ of Habeas Corpus

109

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

In re

CHARLES HOLMES, JR.

on

Habeas Corpus.

B263838
(Super. Ct. No. TA115993)

ORDER

COURT OF APPEAL - SECOND DIST.

**FILED**

JUL 6 - 2015

JOSEPH A. LANE          Clerk

V. GRAY
                        Deputy Clerk

BY THE COURT:*

The petition for writ of habeas corpus, filed May 6, 2015, has been read and considered with the opinion filed on appeal (*People v. Holmes* (May 24, 2013, B239704) [nonpub. opn.])  The petition, and petitioner's accompanying request for an evidentiary hearing, are denied.  Some of the issues raised were determined on appeal and will not be reconsidered in a petition for an extraordinary writ (*In re Clark* (1993) 5 Cal.4th 750, 765-766) and the remaining claims should have been raised in petitioner's appeal from his judgment of conviction (See *In re Reno* (2012) 55 Cal.4th 428, 490-493; *In re Dixon* (1953) 41 Cal.2d 756, 759; *In re Walker* (1974) 10 Cal.3d 764, 773).

---

*EDMON, P. J.         KITCHING, J.         JONES, J.**

**Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

114

# EXHIBIT COVER PAGE

4

EXHIBIT

Description of this Exhibit: CAL. SUPREME COURT DENIAL (HABEAS)

Number of pages to this Exhibit: 1 pages.

JURISDICTION:  (Check only one)

- [ ] Municipal Court
- [ ] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [✓] United States District Court
- [ ] State Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury

SUPREME COURT
FILED

NOV 2 4 2015

Frank A. McGuire Clerk

Deputy

S228737

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

---

In re CHARLES HOLMES, JR., on Habeas Corpus.

---

The petition for writ of habeas corpus is denied.

CANTIL-SAKAUYE
_____
*Chief Justice*

## CERTIFICATE OF WORD COUNT

(Cal. Rules of Court, rule 8.360)

The text of this petition consists of 2814 words as counted by the Corel Word Perfect Version X5 word-processing program used to generate this brief.

June 10, 2013

*Charlotte E. Costan*

Charlotte E. Costan
Appellate Counsel

19

# PROOF OF SERVICE
## (C.C.P §2015.5, 28 U.S.C. 1745)

I, **Charles Holmes**_____, am over the age of eighteen (18) years of age, and I (am) (am not) a party to the within cause of action. My address is:

> Charles Holmes,Jr.,AL-0671,
> CSP-SAC¼ C34109,
> P.O. BOX#290066,
> REPRESA, CA. 95671

On, ___**August 02nd**___, ___**2015**___, I served the following documents:

1. ___**PETITION FOR WRIT OF HABEAS CORPUS**___
2. _____
3. _____
4. _____
5. _____

on the below named individuals by depositing true and correct copies thereof in the United States mail in Represa, California, with postage prepaid thereon, addressed as follows:

1. **Cal. Supreme Court,**
   **Clerk of the Court¼**
   **350 McAllister Street,**
   **San Francisco, Ca.94102-**
   **4797**

2. **Jackie Lacey, (District Atty.),**
   **Office of the Dist. Atty.,**
   **210 W. Temple Street¼**
   **Los Angeles,Ca. 90012**

I have read the above statements and declare under the penalty of perjury of the laws of the state of California that he forging is true and correct.

Executed this **2nd** day of **August** **2015**_____, at California State Prison-Sacramento, Represa California.

X _/s/ signature_
Signature of Affiant

ATT: CLERK OF THE COURT,
I filled on 11-30-15 with the
TRUST OFFICE HERE at SACRA
MENTO STATE PRISON TO PROCEED
IN FORMA PAUPERIS DUE TO THE
MATTER I DONT HAVE any
FUNDS IN MY ACCOUNT, IN
MY PRISON ACCOUNT. I HAVENT
RECEIVE MY FORM back WITH
MY ACCOUNT STATEMENT.

PLEASE NOTE I will HAVE a
FAMILY MEMBER PAY THE FILLING
FEE. I will SEND THE COURT
a COPY OF MY APPLICATION TO PROCEED
IN FORMA PAUPERIS BY A PRISONER,
WHEN THE PRISON SEND IT BACK.
CHARLES HOLMES, I declare UNDER
PENALTY OF PERJURY THAT THE ABOVE
INFORMATION IS TRUE AND CORRECT

12-30-15                    Charles Holmes, Jr.



CHARLES HOLMES * AL4671
CSP-SAC, P.O. BOX 2900
REPRESA, CA 9567

Prison Generate Mail
CA STATE PRISON SAC.

$ 07.05

RECEIVED
JAN 11 2016
CSP-SAC MAILROOM

ATT:
CLERK OF THE U.S. DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
ATT: INTAKE/DOCKET SECTION
312 NORTH SPRING STREET
LOS ANGELES, CALIFORNIA 90012

CV

USPS TRACKING #

9114 9014 9645 0212 3177 44

LEGAL MAIL

PRIORITY MAIL
TRACKED INSURED
UNITED STATES POSTAL SERVICE
For Domestic Use Only

