Lonnie L. McDowell   State Bar No. 261214
McDowell & Associates, Attorneys
117 Winston Street, Suite 406
Los Angeles, California 90013
Telephone: 213-401-2322
Facsimile: 213-401-2324
Email: Lonnie@McDowellDefense.com

Counsel for Petitioner
CHARLES HOLMES

IN THE UNITED STATED DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHARLES HOLMES JR,**<br>Petitioner,<br><br>vs.<br><br>**JEFF MACOMBER, (Warden (A)), et. al. ;**<br><br>Respondents. | Case No.: CV16-0031-MWF (KS)<br><br>**PETITIONER'S OPPOSSITION TO MOTION TO DISMISS PETITION HABEAS CORPUS AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hon. Karen L. Stevenson<br><br>**United States Magistrate Judge** |

TO THE HONORABLE MAGISTRATE JUDGE, KAREN L. STEVENSON, AND JEFF MACOMBER, WARDEN AT THE CALIFORNIA STATE PRISON-SACRAMENTO.

Petitioner, CHARLES HOLMES, JR. offers this response to the Attorney General's Motion to Dismiss Petition for Writ of Habeas Corpus filed on May 2, 2016 which was based on untimeliness. The deputy Attorney General claims that the petition was not timely filed pursuant to 28 U.S.C § 2244(d) and the Antiterrorism and Effective Death Penalty Act of 1996, herein after referred to as AEDPA.

Petitioner argues that due to extenuating circumstances, he is entitled to equitable tolling of at least 43 days, making his petition timely. This opposition is based on the attached memorandum of points and authorities in support of Petitioner's opposition to the Respondent

Lonnie L. McDowell Esq. State Bar No. [illegible] 214
McDowell & Associates, Attorneys
117 W. [illegible] Street, Suite 406
Los Angeles, California 90015
Telephone: 213-401-2323
Facsimile: 213-401-2324
Email: Lonnie@McDowellLaw.com

Counsel for Petitioner
CHARLES HOLMES

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HOLMES, JR., Petitioner, vs. JEFF MACOMBER, Warden, et al., Respondents. | Case No. CV 16-00311-MWF (KS) PETITIONER'S OPPOSITION TO MOTION TO DISMISS PETITION FOR HABEAS CORPUS AND MEMORANDUM OF POINTS AND AUTHORITIES Hon. Karen L. Stevenson United States Magistrate Judge |

TO THE HONORABLE MAGISTRATE JUDGE KAREN L. STEVENSON AND JEFF MACOMBER, WARDEN AT THE CALIFORNIA STATE PRISON - SACRAMENTO:

Petitioner CHARLES HOLMES, JR. offers this response to the Attorney General's Motion to Dismiss Petition for Writ of Habeas Corpus filed on May 2, 2016 which was based on untimeliness. The Deputy Attorney General claims that the petition was not timely filed pursuant to 28 U.S.C. § 2244(d) and the Antiterrorism and Effective Death Penalty Act of 1996, hereinafter referred to as AEDPA.

Petitioner argues that due to extenuating circumstances, he is entitled to equitable tolling of at least 45 days, making his petition timely. This opposition is based on the attached memorandum of points and authorities in support of Petitioner's opposition to the motion.

Motion to Dismiss Petition of Habeas Corpus, attached declaration in support of this opposition motion, and all the documents already filed in the above entitled matter.

Dated: July 5, 2016

                                                     Respectfully,

                                         _____/s/Lonnie McDowell____

                                         Lonnie L. McDowell

                                         Attorney for Petitioner

                                         CHARLES HOLMES, JR

# MEMORANDUM OF POINTS AND AUTHORITIES

The Attorney General argues that the Petition for Writ of Habeas Corpus filed by Petitioner was filed untimely, but the Petitioner argues that extra ordinary circumstances existed which entitles Petitioner to equitable tolling. The State admits in its Motion to Dismiss that Petitioner was entitled to tolling due to his State Habeas Petition. The State further argues that the Petitioner's tolling period ended on December 3, 2015, rendering his January 8, 2016 filing of his Federal Habeas Petition untimely. Petitioner disagrees. Petitioner contends that a "State created impediment" beyond his control caused his Federal Habeas Petition to be filed beyond the December 3, 2015 deadline. Therefore, the Court should deny the Attorney General's Motion to Dismiss.

## I. PETITIONER IS ENTITLED TO STATUTORY TOLLING

Petitioner agrees, as the State argued, that normally AEDPA requires that a state prisoner file a Federal Habeas Corpus Petition within one year of the date his conviction becomes final. 28 U.S.C § 2244(d)(1)(A). And Petitioner also agrees with the State's analysis that 28 U.S.C. § 2244(d)(2) tolls the limitations period while a properly filed state post-conviction petition is pending. Furthermore, Petitioner agrees that his State filed Habeas Petitions tolled his filing date on his Federal Habeas Petition until at least December 3, 2015. However, Petitioner disagrees with the State and contends that the December 3, 2015 date is further extended by equitable tolling for at least 43 days, or until at least January 15, 2016 making his Petition timely. Therefore, the Court should deny the Attorney General's Motion to Dismiss.

///

///

///

## MEMORANDUM OF POINTS AND AUTHORITIES

The Attorney General argues that the Petition for Writ of Habeas Corpus filed by Petitioner was filed untimely, but the Petitioner argues that extraordinary circumstance existed which entitles Petitioner to equitable tolling. The State admits in its Motion to Dismiss that Petitioner was entitled to tolling due to his State Habeas Petition. The State further argues that the Petitioner's tolling period ended on December 3, 2015 rendering his January 8, 2016 filing of his Federal Habeas Petition untimely. Petitioner disagrees. Petitioner contends that a "State created impediment" beyond his control caused his Federal Habeas Petition to be filed beyond the December 3, 2015 deadline. Therefore, the Court should deny the Attorney General's Motion to Dismiss.

## I. PETITIONER IS ENTITLED TO STATUTORY TOLLING

Petitioner agrees, as the State argued, that normally AEDPA requires that a state prisoner file a Federal Habeas Corpus Petition within one year of the date his conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). And Petitioner also agrees with the State's analysis that 28 U.S.C. § 2244(d)(2) tolls the limitations period while a properly filed state post-conviction petition is pending. Furthermore, Petitioner agrees that his State [illegible] tolled his filing date on his Federal Habeas Petition until at least December 3, 2015. However, Petitioner disagrees with the State and contends that the December 3, 2015 date is further extended by equitable tolling for at least 41 days, or until at least January 13, 2016 making his Petition timely. Therefore, the Court should deny the Attorney General's Motion to Dismiss.

## II. **PETITIONER IS ENTITLED TO EQUITABLE TOLLING**

The Doctrine of Equitable Tolling is available to supplement statutory tolling in unusual situations. (*Holland v. Florida* (2010) 560 U.S. 631, 130 S.CT. 2549, 2563) A litigant seeking equitable tolling bears the burden of establishing (1) That he has been pursuing his right diligently and (2) That some extraordinary circumstances stood in the way. (*Pace v. Diguglielmo* (2005) 544 U.S. 408, 418; 125 S.CT. 1807) The diligence required for equitable tolling is "Reasonable Diligence", not "Maximum Feasible Diligence". (*Holland*, supra, p. 2565; see also *Doe v. Busby* (2011) 611 F.3rd 1001, 1015). In the present case, extraordinary circumstances manifested when the Petitioner was denied the means to file his fully prepared Federal Habeas Petition by the California Department of Corrections. [hereinafter "CDCR"].

The court has long held that in the event some limitation to access to legal materials causes a petitioner to be untimely, denial of the petition for untimeliness could be deemed a "State created impediment" to filing a Habeas Petition within the meaning of § 28 USC 2244 (d)(1) (*Espinoza-Mathews v. California* (2005) 432 F.3rd 1021)

The Court in *Espinoza-Mathews v. California* stated, "we held in <u>Lott</u>, 304 F.3rd at 924 that a Habeas Petitioner's deprivation of his legal materials for 82 days would constitute "extraordinary circumstances" sufficient to warrant equitable tolling." (*Espinoza-Mathews v. California,* (9th Cir.2005) 432 F.3d 1021, at p. 1027; see also *Lott v. Mueller*, 304 F.3d 918 (9th Cir. 2002)) Petitioner contends that his circumstances are on par with Lott *v. Mueller* and *Espinoza-Mathews v. California*. In both cases, petitioners were denied access to their materials which prevented them from filing their petitions within the statutory time limit by the State. So to was Petitioner denied the ability to file his petition timely due to actions of the State beyond his control.

Prior to receiving final notice on his State filed Habeas Petition, Petitioner had already prepared his Federal Habeas Corpus Petition with the exception of a few details needed from the State's denial notice. On November, 27, 2015 Petitioner received noticed from the California Court of Appeals that his Habeas Petition had been denied. (See CDCR Mail Card, entry for 11/27/15 attached as Exhibit "1"). Petitioner diligently completed his petition and was fully prepared to file his Motion on November 30, 2015 – two days later and within the statutory time limit. However, upon attempting to file said Petition, he was informed by the CDCR that he needed to first file and submit a CDCR 22 form. Petitioner filled out the form and filed it on November 30, 2016. (See CDCR Form 22, attached as Exhibit "2") Petitioner was told it would be filed and he would receive notice from the CDCR when it was approved. Petitioner diligently checked on the progress of the form knowing that time was running out.

However, Petitioner did not simply fill out the CDCR 22, and wait. He diligently tried to find someone on the "outside" who could file the form for him. During the month of December, 2015, Petitioner contacted several people in order to find someone who would be able to file the form. One of those people was Attorney C. Hamm, who agreed to file the Petition but not pay the fee. Petitioner sent Attorney Hmann, the Petition on December 23, 2015. (See Exhibit "1" entry for 12/23/15). However, by the time Attorney Hmann received the Petition by mail he was only able to file it on January 8, 2016. Another friend of Petitioner, Nikki Hevesi, agreed to go down to the Court and pay the $5.00 filing fee once Attorney Hmann had filed the Petition. (See receipt attached as Exhibit "3")

Petitioner had his Federal Habeas Petition prepared prior to finding out his State Habeas Petition had been denied. Petitioner also diligently attempted to find someone who could file it for him once he learned the CDCR had not yet filed his paperwork, satisfying the first prong,

-5-
**PETITIONER'S OPPOSITION TO MOTION TO DISMISS PETITION HABEAS CORPUS AND**

"That he has been pursuing his right diligently," necessary for equitable tolling. (See *Pace,* 544 U.S. 408,418; 125 S.CT. 1807)

As evidenced by the form, the CDCR did not file the form immediately. As the form clearly shows, the CDCR did not file the form or send Petitioner's Petition to the litigation office until January 12, 2016 – 43 days after Petitioner submitted it on November 30, 2015 . This time delay was completely out of Petitioner's control. He filed the paperwork with the CDCR timely on November 30, 2016 – 10 days prior to the end of the statutory time limit. The inaction by the CDCR in timely processing Petitioner's application and forms until January 12, 2016 amounts to no less than a "State created impediment." This State created impediment satisfies the second prong, "That some extraordinary circumstances stood in the way," necessary for equitable tolling. (See Id.)

Because Petitioner was prevented from filing his Petition timely by a "State created impediment" and because Petitioner has shown that he was diligent in attempting to file said Petition, the Court should grant Petitioner's request for equitable tolling of at least 43 days making his filing on January 8, 2016 considered timely. Therefore, the Court should deny the Attorney General's Motion to Dismiss.

///

///

///

///

-6-
**PETITIONER'S OPPOSSITION TO MOTION TO DISMISS PETITION HABEAS CORPUS AND**

### III. PETITIONER IS ALSO ENTITLED TO EQUITABLE TOLLING DUE TO HIS CHRONIC HEALTH CONDITION.

On October 30, 2013, the Petitioner was placed in an outpatient housing unit due to his chronic kidney condition and complications with his nephrostomy tube. (See Exhibit "4") Due to his ongoing urinary and kidney conditions, Petitioner had a nephrostogrma/loopogram and had a Nephrostogram Stent Looprgram with ureteral stent inserted. (Id.) From December 30, 2013 to February 13, 2014, Petitioner was undergoing medical treatment at the outpatient care facility, limiting his access not only to the law library, but also his legal documents and materials. In addition, due to his chronic kidney infections, Petitioner was placed on antibiotics and heavy pain medications.

While Petitioner's inpatient treatment predated the denial of his State Habeas Petitioner, Petitioner's ongoing treatment for his chronic kidney and urinary conditions, including the administration of antibiotics and pain medications has continued up until the filing of his Federal Habeas Petition on January 8, 2016 and beyond. Said medications also contributed to Petitioner not being able to prepare his Petition prior to November 30, 2015, and the Court should take Petitioner's medical condition into account when evaluating his claim of equitable tolling.

Because Petitioner was also hampered by his ongoing medical condition, the Court should deny the Attorney General's Motion to Dismiss.

### III. CONCLUSION

For the forgoing reasons, the Petitioner's Habeas Petition should be deemed timely filed, and the Respondent's motion denied. The Petitioner has diligently pursued his right for Habeas Corpus relief and was prevented from filing by December 3, 2015 by "State created impediments." Petitioner's diligence and the State created impediments satisfy the two prongs of *Pace v. Diguglielm, supra*, amounting to <u>extraordinary circumstances</u>. Therefore, the Petitioner

**PETITIONER'S OPPOSITION TO MOTION TO DISMISS PETITION HABEAS CORPUS AND**

is entitled to at least 43 days of equitable tolling making Petitioner's Petition timely if filed prior to January 15, 2016. Since Petitioner's Petition was filed on January 8, 2016, the Court should deem it timely filed and deny the Attorney General's Motion to Dismiss.

Dated: June 5, 2016

                                                Respectfully,

                                                _____

                                                Lonnie L. McDowell
                                                Attorney for Petitioner
                                                CHARLES HOLMES, JR

# DECLARATION OF PETITIONER, CHARLES HOLMES, JR, IN SUPPORT OF HIS OPPOSITION MOTION

I, CHARLES HOLMES, JR, declare and state as follows:

1. I, Charles Holmes, Jr. am the Petitioner in the above-entitled case.
2. I received notice that my State Habeas Petition was denied on November 27, 2015.
3. I was ready to file my Federal Habeas Petition on November 30, 2016.
4. I was informed by employees for the California Department of Corrections that I needed to first file and submit a CDCR form 22 prior to being able to file my Federal Habeas Petition.
5. I submitted and filed the CDCR form 22 on November 30, 2015.
6. I immediately began trying to find someone on the "outside" to help me file my Petition.
7. I contacted Attorney C. Hmann who agreed that if I sent the Petition to him, he would file it but would not pay the filing fee.
8. I sent Mr. Hmann my Petition on December 23, 2015, for filing.
9. I contacted Nikki Hevesi, who agreed to pay the filing fee for me, as I did not have the funds necessary to cover the filing fee.
10. The delay caused by the California Department of Corrections amounted to 43 days – November 30, 2015 until January 12, 2016.
11. On information and belief, the California Department of Corrections did not process my paperwork until January 12, 2016, even though I filed it with them on November 30, 2016.
12. I during the time between November 30, 2015 and January 12, 2016, I inquired several times regarding the status of my paperwork. However, I never received any information which is why I attempted to find someone on the "outside' who could help.

-9-
**PETITIONER'S OPPOSSITION TO MOTION TO DISMISS PETITION HABEAS CORPUS AND**

13. I have also suffered from chronic kidney and urinary tract conditions and required antibiotics and heavy pain medications during this time, which created another impediment to my filing my Habeas by December 3, 2015.

14. Due to the CDCR not filing my paperwork in a timely manner, I believe I should be entitled to at least 43 days of equitable tolling per <u>Pace v. Diguglielm</u>, making my Petition timely filed.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

Dated: June 25, 2016.

Respectfully,

*/s/ Charles Holmes*

Charles Holmes, Jr.
Attorney for Petitioner
CHARLES HOLMES, JR