1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **CHARLES HOLMES,** | ) | **NO. CV 16-311-MWF (KS)** |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **REPORT AND RECOMMNEDATION OF** |
| | ) | **UNITED STATES MAGISTRATE JUDGE** |
| **JEFF MACOMBER, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

This Report and Recommendation is submitted to the Honorable Michael W. Fitzgerald, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California.

## INTRODUCTION

On January 14, 2016, Petitioner, a California state prisoner then proceeding *pro se*, filed a Petition For Writ Of Habeas Corpus By A Person In State Custody pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) On March 29, 2016, Petitioner filed an amended petition (the "Petition"). (Dkt. No. 11.) The Petition asserts that Petitioner received ineffective assistance of counsel. (*Id.*) Petitioner had initially asserted ineffective assistance of counsel as well as, *inter alia*, instructional and evidentiary error, insufficient evidence to support Petitioner's

1

first degree murder conviction and the gang enhancement allegation, and sentencing error (Dkt. No. 1 at 5-10.)

On May 2, 2016, Respondent filed a Motion To Dismiss ("Motion") the Petition as untimely.  (Dkt. No. 12.)  On July 6, 2016, Petitioner filed his Opposition to the Motion ("Opposition").  (Dkt. No. 18.)  Respondent did not file a Reply.  The matter is now under submission to the Court for decision.

## PRIOR PROCEEDINGS

On May 4, 2011, a Los Angeles County Superior Court jury found Petitioner guilty of first degree murder (California Penal Code ("Penal Code") § 187(a)) and dissuading a witness from testifying (Penal Code § 136.1(a)(1)).  (Clerk's Transcript ("CT") 448-49, 451, 454-55.)  The jury also found true the allegations that Petitioner personally and intentionally discharged a firearm in the commission of the murder (Penal Code §§ 12022.53(d), (e)(1)) and committed the murder for the benefit, or at the direction, of a criminal street gang within the meaning of Penal Code § 186.22(b)(1)(C).  (Clerk's Transcript ("CT") 448-49.)  On February 29, 2012, the trial court sentenced Petitioner to 125 years to life in state prison. (*See* CT 520-23.)

Petitioner appealed.  (*See* Lodg. No. 3.)  On May 24, 2013, the California Court of Appeal affirmed Petitioner's conviction in a reasoned unpublished decision.  (*Id*.)  Petitioner then filed a Petition for Review in the California Supreme Court.  (Lodg. No. 5.)  On August 28, 2013, the California Supreme Court denied the Petition for Review.  (Lodg. No. 6.)

On November 16, 2014, Petitioner constructively filed a state habeas petition in Los Angeles County Superior Court.[1]  (Lodg. No. 7.)  That petition was formally filed a week later on November 24, 2014.  (*Id.*)  On December 23, 2014, the superior court denied the petition.  (Lodg. No. 8.)

In early January 2015, Petitioner mailed a state habeas petition to the California Court of Appeal.  (Lodg. No. 9) (the petition indicates Petitioner placed it in the mail on either January 8, 2015 or January 9, 2015).  Although Petitioner's mail log suggests that prison officials mailed the petition on January 14, 2015, the California Court of Appeal did not formally file the petition until May 6, 2015 following Petitioner's inquiry about the status of the petition.  (*Id.*)  The California Court of Appeal denied the petition on July 6, 2015.  (Lodg. No. 10.)

Finally, on August 2, 2015, Petitioner constructively filed a petition for writ of habeas corpus in the California Supreme Court, and that petition was denied on November 24, 2015.  (Motion at 2; Lodg. No. 12.)  Petitioner constructively filed his federal petition six weeks later, on January 8, 2016.

## DISCUSSION

## I.   The Statute Of Limitations

The Petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a federal habeas petition.  28 U.S.C. § 2244(d)(1).  The "statutory purpose" of the one-

---

[1]      Under the "mailbox rule," a court will deem a petition constructively filed on the date the prisoner gives prison authorities the petition to mail to court.  *See Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001); *see also Houston v. Lack*, 487 U.S. 266, 271-76 (1988) (discussing prison mailbox rule); *Porter v. Ollison*, 620 F.3d 952. 958 (9th Cir. 2010) (prison mailbox rule applies to federal habeas petitions).

year limitations period is to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Carey v. Saffold*, 536 U.S. 214, 226 (2002).

The one-year limitations period set forth in 28 U.S.C. § 2244(d)(1) is subject to a statutory tolling provision, which suspends it for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001). Additionally, in certain "extraordinary circumstances" beyond a prisoner's control, equitable tolling may be available to toll the one-year limitations period. *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

## II.    The Commencement Date

The Section 2244(d)(1) limitations period is triggered and begins to run from the latest of:

(A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;

(C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or

(D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

The Supreme Court has described these four possible triggering dates for the accrual and commencement of a state prisoner's one-year limitations period as follows:

> § 2244(d)(1) provides that a "1–year period of limitation shall apply to an application for a writ of habeas corpus." The subsection then provides one means of calculating the limitation with regard to the "application" as a whole, § 2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate).

*Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005).

In most instances, a state prisoner's limitations period will be governed by Section 2244(d)(1)(A). *See Dodd v. United States*, 545 U.S. 353, 357 (2005) (discussing a parallel limitations provision for 28 U.S.C. § 2255 motions and noting that the provision establishes the operative accrual date "[i]n most cases"). In this case, Petitioner's conviction became final on November 26, 2013, upon the expiration of ninety days from the California Supreme Court's denial of Petitioner's Petition for Review (Lodg. No. 6). *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (period of "direct review" after which state conviction becomes final for purposes of section 2244(d)(1) includes the 90-day period for filing a petition for certiorari in the United States Supreme Court). Petitioner does not allege that he is entitled to an alternative commencement date under Section 2244(d)(1)(D). (*See generally* Opposition.) Therefore, the statute of limitations commenced running on November 27, 2013, and absent tolling, expired on November 26, 2014. *See Patterson*, 251 F.3d at 1246. Petitioner constructively

filed his federal petition on January 8, 2016, more than a year after November 26, 2014. Thus, absent sufficient tolling, the Petition is untimely.

**III.     Petitioner Is Entitled To Statutory Tolling.**

Section 2244(d)(2) suspends the limitations period not only for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court but also, in appropriate circumstances, "during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay." *Biggs v. Terhune*, 339 F.3d 1045, 1046 (9th Cir. 2003); *see also Saffold*, 536 U.S. at 218-27 (holding that, for purposes of California's "original" habeas petition system, "pending" covers the time between the denial of a petition in a lower court and the filing, "within a reasonable time," of a "further original state habeas petition in a higher court"). Courts in this circuit generally apply a "thirty-to-sixty day benchmark" to determine the reasonableness of a delay in filing a subsequent state petition. *See Stewart v. Cate*, 757 F.3d 929, 935 (9th Cir.), *cert. denied*, 135 S. Ct. 341 (2014) (citation, internal quotations and footnote omitted).

Petitioner constructively filed a state habeas petition in Los Angeles County Superior Court on November 16, 2014 (Lodg. No. 7), with only nine days remaining in the limitations period. Petitioner and Respondent agree, and the Court accepts, that Petitioner is entitled to tolling from that date (November 16, 2014) through November 24, 2015, the date that the California Supreme Court denied Petitioner's final state habeas petition. (Motion at 4; Opposition at 3.) Accordingly, absent sufficient equitable tolling, Petitioner's limitations period expired nine days after the California Supreme Court's denial – that is, on December 3, 2015 – rendering Petitioner's federal habeas petition, which was constructively filed on January 8, 2016, untimely by more than a month. (*Id.* at 4-5.)

\\

\\

6

**IV.     Petitioner Is Not Entitled To Sufficient Equitable Tolling To Render The Petition Timely.**

**A. Background**

The one-year limitations period established by Section 2244(d)(1) may also be equitably tolled in appropriate circumstances. *Holland*, 560 U.S. at 645-49. However, application of the equitable tolling doctrine is the exception rather than the norm. *See, e.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). A petitioner seeking application of the doctrine bears the burden of showing that it should apply to him. *Pace*, 544 U.S. at 418. Specifically, a habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 645.

Petitioner contends that two "extraordinary" circumstances prevented him from timely filing. First, when he attempted to file his federal habeas petition, he was informed by the California Department of Corrections and Rehabilitation that he needed to first file and submit a CDCR 22 form in order to obtain his trust account statement to complete his application to proceed *in forma pauperis* ("IFP"), which he did on November 30, 2015 (Opposition, Exh. 2) but the CDCR delayed processing the form until January 12, 2016. (Opposition at 5-6.) Second, Petitioner takes antibiotics and pain medications for urinary and kidney conditions and those medications, which he took throughout 2014 and 2015, hampered his ability to timely file his federal habeas petition. (*Id.* at 7.)

\\

\\

**B. Petitioner Is Not Entitled To Equitable Tolling For The Prison's Delay In Providing A Trust Account Statement For Petitioner's IFP Application.**

Petitioner's first argument is that he did not know he needed to request a certified trust account statement for his IFP application until days before his limitations period expired, and his ignorance, coupled with the State's failure to provide the trust account statement within that brief period, constitutes an extraordinary circumstance that prevented timely filing. The Court, and settled case law, disagrees with Petitioner's assertion.

As a preliminary matter, a habeas petitioner's ignorance of the procedures for obtaining IFP status is not an "extraordinary circumstance" warranting equitable tolling. *See, e.g.*, *Morales v. McEwan*, No. EDCV 11-667-GHK (MAN), 2012 WL 632405, at *9 (C.D. Cal. Jan. 19, 2015) (granting motion to dismiss habeas petition as untimely where the petitioner provided the California State Prison Trust Office with his legal paperwork on the last day of his limitations period and then waited to file his federal habeas petition until, some two months later, the Trust Office provided the documents for his IFP application); *see also Johnson v. United States*, 544 U.S. 295, 311 (2005) (stating in 28 U.S.C. § 2255 context that a *pro se* prisoner's "procedural ignorance" is not "an excuse for prolonged inattention when a statute's clear policy calls for promptness"); *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (observing that the equitable tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone"); *Waldron-Ramsey*, 556 F.3d at 1013 n. 4 ("a *pro se* petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling"); *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (collecting cases from other circuits and holding that "a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance").

Petitioner's lack of diligence also dooms his ability to receive equitable tolling. It was not a prison official's improper or negligent action or omission that prevented Petitioner

8

from timely filing this action in, or before, early December 2015 but, rather, Petitioner's extreme delay in researching how to proceed IFP and requesting the necessary documents from the California State Prison Trust Office.  Had Petitioner pursued his rights diligently, he would have done one of the following:  identified the documents he needed to proceed IFP before November 30, 2015 and requested them in a more timely fashion;[2] saved sufficient funds to pay the $5.00 filing fee; contacted an individual outside the prison who could pay the filing fee for him in early December when his federal petition was due; or learned that he could file his habeas petition *without* a certified trust account statement.  As the Central District explained in *Morales* when faced with a similar argument and set of facts:

> A habeas petition is considered timely filed under the mailbox rule even if it is procedurally deficient in some respect, such as lacking a filing fee or the requisite *in forma pauperis* forms.  *See* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts ("The Clerk must file the petition and enter it in the docket."), and 2004 Advisory Committee Notes (stating that the clerk must file a petition that fails to comply with Rule 2 and/or that lacks a filing fee or in forma pauperis form).  The Clerk's Office of this Court routinely receives, and files, Section 2254 petitions lacking the required certification by prison trust account offices and, in those instances, simply issues a form request to the prisoner for such a certification.  (*See* this district's Form CV–111.)  Knowing that his limitations period was about to expire, Petitioner could have mailed his Petition [on the date he requested a certified trust account statement], but he failed to do so.  His misguided choice

---

[2]    In a similar case, the Central District noted that it takes the California State Prison Trust Office about a week to process certification requests.  *See Morales v. McEwan*, No. EDCV 11–667–GHK (MAN), 2012 WL 632405, at *9 (C.D. Cal. Jan. 19, 2015).

1    . . . does not constitute an extraordinary circumstance beyond his control that
2    made it impossible for him to file the Petition on time.

4    *Morales*, 2012 WL 632405, at *9 (footnotes omitted).

6    Petitioner's lack of diligence distinguishes this case from *Miles v. Prunty*, 187 F.3d
7    1104, 1007 (9th Cir. 1999).  In that case, the Ninth Circuit held that a habeas petitioner was
8    entitled to equitable tolling for the California State Prison's Trust Office's delay because the
9    petitioner had learned of AEDPA's then newly enacted statute of limitations less than a
10   month before his one-year limitations period was due to expire and had nevertheless
11   managed to prepare a habeas petition and request a certified trust account statement before
12   the limitations period expired.  Thus, in *Miles*, there was no question that the petitioner had
13   pursued his rights diligently.  *See Miles*, 187 F.3d at 1107 ("Nor did Miles fail to exercise
14   due diligence . . . .  Within seventeen days after his counsel informed him of the looming
15   deadline, Miles submitted his petition to prison authorities.").  In contrast, Petitioner had
16   *years* to prepare to file his IFP application and federal habeas petition within the limitations
17   period but failed to do so because of his own delay.

19   **C. Petitioner Is Not Entitled To Equitable Tolling Due To His Medications.**

21   Finally, with regards to Petitioner's claim that he should receive equitable tolling
22   because he was taking medications, he identifies no side effects or impediments resulting
23   from those medications that prevented him from timely filing the Petition.  (*See generally*
24   Opposition at 7.)   Petitioner's medical records attached to the Opposition are similarly
25   devoid of any reference to serious side effects resulting from his medications.  (*See generally*
26   Opposition, Exh. 4.)  Further, Petitioner concedes that he began taking those medications
27   before he filed his habeas petition in Los Angeles County Superior Court on November 16,
28   2014, and there is no indication that either his medications or medical conditions hindered

10

his ability to properly file that habeas petition as well as his subsequent two state habeas petitions.  (*See generally* Opposition at 7); *see also Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (no equitable tolling for physical and mental disabilities where petitioner was able to file petitions before and after federal petition was due and did not allege significant worsening of his condition between two filings), *amended* 447 F.3d 1165 (2006).

Finally, Petitioner concedes that he had fully researched and written his federal habeas petition prior to the expiration of the limitations period, he simply did not put it in the mail before the expiration of the limitations period.  (Opposition at 5) ("Petitioner had his federal habeas petition prepared prior to finding out his state habeas petition had been denied" and was "fully prepared" to file it on November 30, 2015.  Accordingly, Petitioner's conclusory assertion that his medications hindered his ability to timely file a federal habeas petition is refuted by his conduct, concessions, and medical records and does not satisfy his burden to demonstrate that he is entitled to equitable tolling on this ground.  *See Lawless v. Evans*, 545 F. Supp.2d 1044, 1049 (C.D. Cal. 2008) (conclusory assertions are not sufficient); *Evans v. Adams*, 423 F. Supp. 2d 1087, 1091 (C.D. Cal. 2006) (same); *see also Roberts v. Marshall*, 627 F.3d 768, 772-73 (9th Cir. 2010) (no equitable tolling where medical records do not support petitioner's claim that he was unable to timely file for medical reasons).

### D.  In The Absence Of Equitable Tolling, The Petition Is Untimely.

In light of the foregoing, Petitioner is not entitled to equitable tolling for the full period between the California Supreme Court's denial of his last state habeas petition and January 8, 2016, when he constructively filed his federal habeas petition.  Accordingly, the Petition is untimely by more than a month and must be dismissed.

\\

\\

\\

11

# RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order:  (1) accepting and adopting this Report and Recommendation; (2) granting Respondent's Motion To Dismiss; and (3) denying and dismissing the Petition with prejudice.

DATED: August 12, 2016

KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

# NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number.  No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.